UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

ROBERT CARL FOLEY,  )
 )
    Petitioner, )
 )  No. 5:17-CV-471-REW
v. )
 )  OPINION & ORDER
DEEDRA HART, Warden, )
 )
    Respondent. )
 )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Respondent moves to strike Robert Foley's § 2254 petition. DE 44; DE 29 (Amended Petition).[1] As grounds, Hart alleges that the filing "relies extensively" on "improper" evidence not presented in Foley's state proceedings. DE 44 at 7. Petitioner opposes the request and notes that "new material supports only Claims I and II." DE 52 at n.1. For the following reasons and under the applicable standards, the Court denies the motion.

Rule 12(f), in relevant part, authorizes courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also* Rules Governing § 2254 Cases, Rule 12. The Sixth Circuit provides the analytical ground rules:

> Motions to strike are viewed with disfavor and are not frequently granted. *Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d

---

[1] The Amended Petition is the operative pleading. *See* DE 28 (Order authorizing amendment). To the extent Hart's motion targets Foley's original petition (DE 18), the request is moot. *See Holt v. City of Dickson*, No. 3:07-CV-00727, 2011 WL 134249, at *2 (M.D. Tenn. Jan. 14, 2011) ("Once an amended pleading is filed, the original pleading no longer serves a function in the case and is considered to have no effect.") (collecting cases).

1

819, 822 (6th Cir. 1953); *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977). The function of the motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with" them early in the case. *Kennedy v. City of Cleveland,* 797 F.2d 297, 305 (6th Cir. 1986) (quoting *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983)).

*Operating Engineers Local 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). Simply put, the strike movant faces a high bar. *See Brown & Williamson Tobacco Corp.,* 201 F.2d at 822 ("The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy.").

Hart's theory generally proceeds as follows: (I) Foley's Petition cites and tenders material not presented to any state court, (II) evidence freshly "introduced in federal court is irrelevant to § 2254(d)(1) review[,]" and, thus, (III) the filing must be stricken. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011); *see* DE 44 at 3-4. If *Pinholster* covered the full panoply of § 2254 scenarios, the argument would be compelling. *See* Fed. R. Civ. P. 12(f) ("The court may strike" any "immaterial . . . matter."). Yet, *Pinholster* "precludes consideration of evidence introduced in federal court **only** when determining whether a state court's adjudication of a claim involved an unreasonable federal-law error" or determination of the facts. *Harris v. Haeberlin*, 752 F.3d 1054, 1057 (6th Cir. 2014) (emphasis added); *id.* at n.1.

Precedent identifies (at least) two extra-*Pinholster* avenues potentially allowing consideration of new evidence on § 2254 review. First, AEDPA-deference—as § 2254(d) mandates and *Pinholster* addresses—is inapplicable if a state court entirely ignores the merits of a properly presented claim. *See Van v. Jones*, 475 F.3d 292, 293 (6th Cir. 2007) ("Where a claim on habeas appeal has not been addressed by the state courts, federal courts review it de novo."). Though habeas claims that are properly exempt from §

2254(d) may be rare,[2] they certainly exist. *See, e.g.*, *Cone v. Bell*, 129 S. Ct. 1769, 1784 (2009) (collecting cases). Such claims fall outside AEDPA's deferential framework and, consequently, the *Pinholster* limits on new-evidence consideration are inapplicable. *See, e.g.*, *Han Tak Lee v. Glunt*, 667 F.3d 397, 405 (3d Cir. 2012). Additionally, neither § 2254(d) nor *Pinholster* bars consideration of new evidence **after** a court finds that "a state court's adjudication of a claim involved an unreasonable federal-law error." *Harris*, 752 F.3d at 1057. That is, a petitioner that crosses the § 2254(d) threshold can, for purposes of determining relief entitlement, potentially rely on fresh proof.

The upshot is that the Court can, under specific circumstances, properly consider new evidence on § 2254 review. This finding severs any link between Hart's *Pinholster* theory and the Rule 12(f) stringent predicates. The resulting disconnect dooms the motion.

To be clear, the Court is not deciding whether Foley has shown that any of his claims properly skirt § 2254(d) deference or satisfy its demanding requisites. Rather, the Court finds that Respondent, as movant, failed to carry her burden to show that the petition (wholly or in part) has "no **possible** relation to the controversy." *Brown & Williamson Tobacco Corp.*, 201 F.2d at 822 (emphasis added). Hart pegged her motion to alleged wholesale irrelevance of federally-presented evidence. As discussed, such proof

---

[2] This scarcity is, in part, a function of the caselaw's expansive interpretation of a state court "adjudicat[ion] on the merits[.]" 28 U.S.C. § 2254(d); *see, e.g.*, *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011) ("Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief.").

is not categorically immaterial. The Court, having rejected the sole relevant theory,[3] goes no farther.

In sum, Hart sought a disfavored remedy that carried a demanding burden. Respondent's assault on Foley's new evidence, at most, established the truism that the Court should exclude such proof from any § 2254(d) review. Yet, given the breadth and depth of potential habeas analysis, that showing does not render all fresh evidence

---

[3] The Court, for completeness, addresses and, for the following reasons, rejects several additional Hart contentions. Respondent claims that it is "impossible for this Court to ignore" the new "evidence at this point when it permeates Foley's filings." DE 44 at 7. The Court disagrees. Setting aside the hyperbolic casting of proof touching one-twelfth of Foley's claims as pervasive, the Court finds it eminently possible to exclude newly presented evidence from its § 2254(d) review. Indeed, that is precisely what *Pinholster* requires. A court cabining its review to a limited subset of record proof hardly presents a novel (much less impossible) task. *See*, *e.g.*, *Ross v. PennyMac Loan Servs. LLC*, No. 18-3487, 2019 WL 211390, at *3 (6th Cir. Jan. 16, 2019) ("No matter what evidence Ross might have—even evidence that was on the record before the district court—it would be inappropriate for the district court (or for this court) to consider evidence outside of the pleadings for the purposes of a Rule 12(c) motion.").

Hart also briefly claims that she "cannot file a responsive pleading . . . when Foley's filings rely so heavily on the new material" and "risks waiving her valid objection to the Court's consideration of this evidence" if required to respond to the current petition. DE 44 at 7–8. These contentions are conclusory, citation-free, (at least) partly dependent on the failed *Pinholster* theory, and untethered to the Rule 12(f) analysis.

Finally, Hart alleges that allowing the petition to stand would allow Foley to bypass § 2254 record expansion rules and foreclose her ability to object to such a request and "develop a full record for this Court and for review on appeal." DE 44 at 8. This volley, though also conclusory, does cite to the Rules Governing § 2254 Cases. Hart appears to reference Rule 7, which governs record **expansion**. Resort to this rule, of course, ignores the fact that the current record already includes the at-issue records. Thus, Hart's final thrust foundationally presumes that the initial submission was improper—a predicate that the Court rejects. Moreover, and even if Rule 7 were applicable, Hart makes too much of possible circumvention of an intentionally non-exclusive procedure. *See* Advisory Committee Notes to 2004 Amendments to Rule 7of the Rules Governing § 2254 Cases ("Revised Rule 7(a) is not intended to restrict the court's authority to expand the record through [other] means[.]").

The Court is fully capable of processing and segregating claims and evidence in a way that dutifully follows both *Pinholster* and § 2254(d).

"redundant, immaterial, impertinent, or scandalous[.]" Fed. R. Civ. P. 12(f). Hart failed to justify Rule 12(f) relief.

For these reasons, the Court **ORDERS** as follows:

1. The Court **DENIES** DE 44; and

2. Consistent with the previously suspended briefing schedule, DE 28, the Court **SETS** the following deadlines:

    a. Respondent **SHALL** file an answer to DE 29 **within 120 days** of this Order;

    b. Petitioner **SHALL** reply **within 30 days** of Respondent's answer.

This the 8th day of May, 2019.

Signed By:
*Robert E. Wier*
United States District Judge